**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **JOHNATHON M.[1]**, | Case No. 6:18-cv-2229-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **ANDREW M. SAUL,** Commissioner of Social Security, | |
| Defendant. | |

Kevin Kerr, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293.
Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Sarah L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104.
Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Johnathon M., a minor, seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

for Supplemental Security Income ("SSI"). Because the Commissioner's decision was based on the proper legal standards and the findings were supported by substantial evidence, the decision is AFFIRMED and this case is DISMISSED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

An application for disability was filed on Plaintiff's behalf on July 23, 2015, alleging an onset date of January 1, 2007.[2] AR 15, 64. The claim was denied initially on October 28, 2015 and on reconsideration on February 16, 2016. AR 71, 79. A hearing was held on November 29, 2017 before Administrative Law Judge ("ALJ") Mary Kay Rauenzahn. AR 33. On January 29, 2018, the ALJ issued an opinion finding that Plaintiff was not disabled. AR 28. Plaintiff requested review by the Appeals Council, which was denied on October 23, 2019, making the ALJ's decision the final decision of the Commissioner. AR 1, 132. Plaintiff was born on February 28, 2000, making him six years old as of the alleged disability onset date. AR 48.

**B. The Sequential Analysis**

A child claimant under the age of 18 is disabled if he or she is can demonstrate "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). Pursuant to 20 C.F.R. § 416.924(a), child disability claims are assessed according to a three-step sequential evaluation process:

1. Is the child performing "substantial gainful activity?" 20 C.F.R. § 416.924(b). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the child is performing such work, he is not disabled within

_____

[2] The SSI application page, the ALJ's decision, and the Disability Determination Explanation all have differed alleged onset dates. AR 15, 48, 133. SSI benefits, however, are not payable until the month after the month in which the application was filed. 20 C.F.R. § 416.335. All potential alleged onset dates fall on or before the application date. Thus, the correct onset date is irrelevant for payment purposes.

the meaning of the Act. 20 C.F.R. § 416.924(b). If the child is not performing substantial gainful

activity, the analysis proceeds to step two.

2. Is the child's medically determinable impairment "severe" under the Commissioner's

regulations? 20 C.F.R. § 416.924(c). An impairment or combination of impairments is "severe"

if it is more than "a slight abnormality or combination of slight abnormalities that causes no

more than minimal functional limitations[.]" *Id*. If the claimant has a medically determinable

severe impairment, the analysis proceeds to step three.

3. Does the child's severe impairment "meet, medically equal, or functionally equal" one

or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? "An

impairment(s) causes marked and severe functional limitations if it meets or medically equals the

severity of a set of criteria for an impairment in the listings, or if it functionally equals the

listings. 20 C.F.R. § 416.924(d). If so, then the child is disabled. Id. 20 C.F.R. § 416.924(d). If

the impairment does not meet, or medically or functionally equal, one or more of the listed

impairments, or does not meet the duration requirement, the child is not disabled under the Act.

20 C.F.R. § 416.924(d)(2).

If the child has "a severe impairment or combination of impairments that does not meet

or medically equal any listing, [the Commissioner] will decide whether it results in limitations

that functionally equal the listings." 20 C.F.R. § 416.926a(a). In assessing how the child's

functioning is affected in all of the child's activities, the following six domains are considered:

(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and

relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6)

health and physical well-being. 20 C.F.R. § 416.926(b)(1). In order to "functionally equal" any

listing, the "impairment(s) must be of listing-level severity; i.e., it must result in 'marked'

limitations in two domains of functioning or an 'extreme' limitation in one domain[.]" 20 C.F.R. § 416.926a(a). A "marked" limitation is one that "interferes seriously with your ability to independently initiate, sustain, or complete activities ... the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is one that "interferes very seriously with your ability to independently initiate, sustain, or complete activities ... the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean." 20 C.F.R. § 416.926a(e)(3)(i).

## C. The ALJ's Decision

The ALJ performed the sequential analysis. At step one, the ALJ found the child had not engaged in substantial gainful activity since the date of the application. AR 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of Attention Deficit Hyperactivity Disorder ("ADHD"), borderline intellectual functioning ("BIF"), and asthma. *Id.* At step three, the ALJ found the impairment did not meet, medically equal, or functionally equal a listed impairment. AR 19-28. Specifically, the ALJ found the child had: (1) less than a marked limitation in acquiring and using information; (2) less than a marked limitation in attending and completing tasks; (3) less than a marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than a marked limitation in the ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* Accordingly, the ALJ held that Plaintiff was not disabled. AR 28.

## DISCUSSION

Plaintiff contends that the ALJ improperly gave little weight to the medical opinion evidence of Dr. John Hickman, M.D., who testified that Plaintiff's impairments met the criteria

for Listing 112.11 (neurodevelopmental disorders). The ALJ explained in her decision that she gave little weight to Dr. Hickman's opinion because it was "inconsistent with the longitudinal record as a whole, as well as the findings and opinions of [consultative examiner] Dr. [Douglas] Smyth, the claimant's teacher, [Richard] Vaughn, and the claimant's own statements that when he attended school he did well." AR 22-23. The ALJ also noted that Dr. Hickman had only reviewed Plaintiff's medical records but had not treated or examined Plaintiff. AR 23.

The ALJ did not err in rejecting Dr. Hickman's opinion that Plaintiff's impairments met the criteria for a Listing. "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *see also Goodman v. Berryhill*, 741 Fed. Appx. 530 (9th Cir. 2018). Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, inconsistency with a claimant's daily activities, or that the opinion is brief, conclusory, and inadequately supported by clinical findings. *Bray*, 554 F.3d at 1228; *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042-43.

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). In other words, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The ALJ's opinion identified specific evidence in the medical record that prompted her to discount Dr. Hickman's conclusion: the opinion of Dr. Smyth, who was Plaintiff's examining

physician. Dr. Smyth found "limited evidence of learning problems" and opined that Plaintiff's poor performance in school appeared "more closely related to truancy… as opposed to any marked academic limitation." AR 428. Dr. Smyth noted that at the time of the examination, Plaintiff was in tenth grade and was consistently attending school because his girlfriend insisted upon it. AR 424-25.

The ALJ further supported her findings by citing inconsistencies between Dr. Hickman's opinion, the evaluation of Plaintiff's teacher Mr. Vaughn, and Plaintiff's own testimony that he performed well in school when he attended. AR 22-23. Mr. Vaughn believed Plaintiff had "no more than a slight problem in acquiring and using information and no or slight problem in attending and completing tasks." AR 22. "[L]ike most students," Mr. Vaughn explained, Plaintiff had "slight" problems when encountering new material. *Id.* The ALJ noted, however, that Plaintiff "remained at grade level with only slight accommodation." *Id.*

Plaintiff argues that Dr. Hickman's opinion is not inconsistent with Dr. Smyth's opinion because Dr. Hickman considered Plaintiff's truancy when forming his medical opinion and because Dr. Smyth did not assess Plaintiff's functional capacity. But even though both doctors considered Plaintiff's truancy, they came to opposing conclusions: Dr. Hickman concluded that Plaintiff's mental impairments caused his poor performance in school, while Dr. Smyth found that Plaintiff's truancy was the source of his academic difficulties. In any event, "the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995)); *accord Vazquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) ("The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.") (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Furthermore,

the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. The ALJ did so in this case by giving greater weight to the opinion of examining physician Dr. Smyth than to non-examining physician Dr. Hickman. The ALJ did not commit legal error in discounting Dr. Hickman's opinion, and her finding of non-disability was based on substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 16th day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge